Calling case number 14-5848, Brookdale Senior Living Inc v. Teresa Stacy Oral argument not to exceed 15 minutes per side. Robert Salyer for the appellant. Please proceed. May it please the court. My name is Robert Salyer and I represent the appellant in this case, Teresa Stacy. At council table with me is Tyler Forsyth, co-counsel. With the court's permission, I would ask for three minutes of time for rebuttal. Fine. There are two issues that I want to discuss this morning and with respect to the other issues that are part of the briefs, I'd like to rest on the briefs with respect to those other issues. The two issues to discuss, however, are the question of the jurisdiction of this court over the appeal and also the power of attorney, which is at the heart of appellant's appeal. First, jurisdiction. This court has pendent jurisdiction over the decision to compel arbitration in this case. The decision to compel arbitration is intertwined with the decision to order the injunction in this case. There cannot be a meaningful review of one without the other. I would invite this court to adopt the reasoning that is present in the cases of National Railroad v. Express Track and also the Quackenbush v. Allstate decision from the Ninth Circuit. The issue of whether or not to order an injunction once the district court decided the arbitration was appropriate, that is factually intertwined, those two decisions. Now, how do we know this? Because the federal district court said so. The federal district court found that it was necessary in order to effectuate its decision to compel arbitration to order the injunction. Now, the district court doesn't go into great detail as to why it was necessary, but it certainly seems obvious that under the Anti-Injunction Act, injunctions against state courts are, let's say, frowned upon. And there are narrow exceptions where an injunction can come from the federal court and be placed on the state court. And because of that, the federal court found it necessary to make a finding of fact that the injunction was necessary to effectuate its decision. Because of that, this court has pendent jurisdiction. The two issues are interrelated. Can I ask you a question about something you didn't want to argue? Sure. Just this question of whether we look at diversity jurisdiction now in the Section 4 case or we look at whether there was diversity jurisdiction in the original state court action. The look-through from the... Yeah, yeah, and that whole debate. So, just one perspective I have on this, I just wanted to try out on both of you, is everyone agrees, I think, that the FAA does not expand federal court jurisdiction, right? And I would guess, I'm assuming that everyone would agree, or maybe that it's just true, that the FAA doesn't diminish federal court jurisdiction. Sure. It doesn't expand, it doesn't diminish. Yes, Your Honor. So, what I'm wondering is if the way this works is you always ask the first question of, are the people in front of you in the diversity setting, do you have complete diversity, do you have the mountain controversy, is it well pleaded as opposed to a defense? And if you have all that, no worries about it, you don't have to get into look-through stuff. Look-through is only about when you have a problem of subject matter jurisdiction and the FAA and VAID allow you to look through to see whether you're trying to resolve a dispute that otherwise belongs in federal court. But as I understand this case, if you read the complaint in this federal court action, it pleads complete diversity, it pleads the amount of controversy, and so why isn't that all there is to it? You don't have to get into look-through, you don't have to get into any of that stuff. Well, as I can recall the Vann case, it uses the language that the federal district court, in order to determine whether it has diversity or has jurisdiction, and asks to look to the underlying controversy of the parties. Now, that seems to... That was a, the Vann case was a federal question case, wasn't it? Yes, yes, Your Honor, it was. So should that make a difference? Well, it apparently made a difference to the district court here,  because the language of Vann or Vaden is what it is, that you look to the underlying controversy of the parties, and this is not an instance where these parties, that is the administrators of this nursing home, or I'm sorry, this facility, had totally separable claims against them. These are all wrapped up into the claims that the plaintiff had against the facility, and the administrators. So it's one holistic controversy, and those administrators are left in front of the state, the Kentucky State Circuit Court, while the corporate defendants have chosen to petition the district court. Under Vaden, we take the position that... That's just the nature of how arbitration agreements aren't going to cover everybody, and the policy in favor of arbitration is going to allow a big nucleus of facts and parties to be broken up, because there's an arbitration agreement among only some of them. I understand what Your Honor is asking or pointing out, and I don't want to try to read too much into the statutory history of the Federal Arbitration Act from the 1920s, I believe. My understanding is that this act was envisioned to help more sophisticated parties that might have ongoing business relationships, such as two corporations that may have products or service agreements between them, and there may be instances where they have contracts where certain things end up in arbitration, and other things might end up in litigation, and business might continue as usual. So that's the piecemeal operation of the Federal Arbitration Act. I don't see that that was intended to apply to instances of personal injury tort. Piecemeal litigation of personal injury tort is a pretty dicey and certainly a very inefficient way of moving. One question that is somewhat related to this area is the scope of the injunction that was actually issued, and if this case involves complete diversity, i.e. only certain of the defendants from the state court are involved here, shouldn't the injunction be limited to those parties in this case? In other words, the injunction should not apply to the individuals who are non-diverse, who are not part of this litigation. Well, that would seem to make sense, Your Honor. However, the Federal District Court made a finding of fact that it needed to order an injunction probably because of the fact that the Federal Court doesn't specify, but there were parties still sitting in the state circuit court. Isn't there a problem with the District Court's order that it's overbroad in that regard? Well, Your Honor, I . . . In other words, we're reviewing the District Court, so we're not bound. We would have to apply appropriate standards of review, but we're not bound by what the District Court says. I guess how I would answer that, Your Honor, is that it is overbroad at the moment based on the facts and the recitation that the Federal Court put in its injunctive paragraphs at the end of its order. It's possible that the Federal District Court could set forth more reasoning which would justify a complete injunction, but it didn't do that. I mean, one can easily surmise maybe the reasons why it ordered a complete injunction because of the holistic nature of the tort claim below. But we don't know if that was why the District Court entered the injunction as it did. But I suppose my point is that if we take the finding of fact that the injunction was necessary against the state circuit court period, then this court would have pending jurisdiction over both the injunctive relief and also the arbitration agreement. So to answer your question, it's overbroad from the face of the order. That doesn't mean that if the Federal Court couldn't have developed and set forth factors which would not make it overbroad. So if there are no further questions on the jurisdiction,  Okay, the arbitration agreement and the power of attorney. This power of attorney did not provide for the power to execute this admissions agreement. Now, why is this? Because per the precedent of the Kentucky Supreme Court opining on Kentucky powers of attorney, Kentucky powers of attorney are strictly construed, and if the power of attorney sets forth particular purposes of that power of attorney, then the power of attorney is limited to those purposes. Whether or not the power of attorney also recites general or unlimited language in that instrument. And if I could... Relying in part at least on this Ping case? Yes, if I could quote from that, Your Honor. It says from Ping, An agent's authority under a power of attorney is to be construed with reference to the types of transaction expressly authorized in the document. This power of attorney... So it's a health power of attorney, and so why wouldn't the argument properly be that in order for the decedent to get care at this facility, the decedent or her person with her power of attorney had to agree that there would be arbitration because the agreement says on its face that it is a condition of being able to live at this facility and that there's a benefit which is supposedly lower cost. Yes, Your Honor. Our position is that we agree fully with what Your Honor just said about the health care nature of this power of attorney. And our position is it doesn't make any difference whether this is a discretionary arbitration clause or a mandatory one. Because in this power of attorney, it says that, let's see, it specifies that this attorney, in fact, has the ability to make health care decisions for me when I no longer have decisional capacity. There was no finding that there was no decisional capacity. So our position is that this power of attorney actually had not sprung into effect because she wasn't incapacitated at the time. And your red light is on now so you can save your time for rebuttal. Thank you. Good morning. May it please the court, Ms. Forsythe, Mr. Sawyer, my name is Peter Cassidy and I'm representing the appellees in this case. I'm going to talk a little bit first about jurisdiction to hear this appeal. You all may recall from looking through the record that the appellees filed a motion to dismiss this appeal for lack of jurisdiction before briefing commenced. That motion was denied without prejudice. And the court asked us, that panel asked the parties to brief it in their brief to the court. I'm going to renew now that motion to dismiss and I want to ask you all to look at, I'm sure you have, but look at this ATAC Corp versus Arthur Treacher's case. This case is, I think, is directly on point here. This case notes that every order compelling arbitration, or excuse me, This case notes that the fact that the appellee sought an order entering, or excuse me, compelling arbitration, does not necessarily mean that the order, once it's entered by the district court, is going to be automatically appealable. It is not a final order with respect to arbitration under 9 U.S.C. 16. And the reason for that is that this order does not dismiss the case. It stays the case. Every time you ask a court to compel arbitration, you are necessarily asking them to enjoin the refusing party from proceeding in court. That's just part of it. This case that we also cited that I want you all to look at is from the 11th Circuit, the Connacht case versus Helmuth. This case picked up exactly on the point that we're trying to make, although from a little bit of a different perspective. In that case, there was a construction dispute, and a party filed suit in district court, and then the defendant proceeded to demand arbitration. Well, the plaintiff tried to enjoin the arbitration from proceeding, and they were denied. But here the injunction is against the state court proceeding, right? I disagree with that, Your Honor. I want you all to look closely at this order. The appellees never asked the district court to enjoin the state court. What we asked the district court to do, and what the district court did, was enjoin the state court plaintiff, Teresa Stacy, from proceeding further in her state court action. And that's exactly what the order does. It's still an injunction. It is an injunction, but it's in the nature of the very motion to compel arbitration. This is why I want you all to look at this Connacht case and our argument about you can't create an exception under 1229A1 to 9 U.S.C. 16-3. Once you do that, every time that somebody is compelled to arbitrate, that all of a sudden becomes an injunction. Only if there's a specific injunction granted by the district court, which there was here. So a district court could say, I compel arbitration, the end. Then there wouldn't be an injunction. Well, that's fine, but I do want you all to look at this case here. Because all orders, and I'm quoting from Connacht, because all orders refusing to enjoin an arbitration are orders, quote, refusing injunctions, close quote. We don't have the authority to excise specific statutory provisions in favor of more general ones. And that's exactly the argument that we're trying to make here with respect to the jurisdictional provisions of the Federal Arbitration Act under Section 16 and the more general and earlier enacted provisions of the 1229A1, which the earlier panel sought to see if there was jurisdiction here. Again, every time you ask a court to compel arbitration, the relief that's requested automatically ends up enjoining that person if there, in fact, is an order compelling arbitration. You can't just create a total exception like this and just run the Mack truck through it, because it's going to totally eviscerate the purpose of the very specific jurisdictional aspects that are granted in Section 16 of the Federal Arbitration Act. But, I mean, given what Judge Moore said, doesn't this really mean the district court is in control of whether it's appealable? That's exactly right. But district courts aren't known for incentivizing parties to challenge their rulings. Well, I'm glad that you brought that up, Judge Sutton, because that's just the type of thing that was discussed again in this ATAC court versus Arthur Treachers. Again, if you all look at this case, this was the published case from the Sixth Circuit back in 2002, and this case also dismisses any distinction about the independent action versus the embedded action and whether there's any kind of jurisdiction. I just want to make sure we're on the same page before you keep going down this road. So Judge Moore is making the point, whether you can invoke the appellate jurisdiction because it's an injunction is going to turn on how the district court describes what it's doing, right? So district courts don't normally— I mean, every now and then they actually do invite our review, but that's not the norm. They'd rather get this whole thing resolved. So why do we have to worry about this big Mack truck that's driven through this loophole you keep talking about? Well, because Section 16 provides very specifically what are the exceptions for when these orders are going to be appealable. I don't think you understand the point Judge Moore is making and I'm following up on. If all the district court has to do is craft the order differently, then it's not immediately appealable. Are you saying that the reason this is not appealable is because the injunction was against the party from proceeding as opposed to the court? I think that's part of it because any time a party is compelled to arbitrate, they're not necessarily being enjoined from proceeding in court. That's what the judges are asking you. Then it becomes a matter of how the district court phrases the same thing. I recognize that federal court injunctions of state courts from doing something, that is disfavored, but that is not what happened here. Certainly the analysis was under the Anti-Injunction Act because that's where all the cases come, and I think that the cases also very clearly hold that the injunction here was well within the power of the district court to do because every case that is cited with respect to an action to compel arbitration, a district court is within his or her power to protect their judgments when they compel arbitration. There's no question. What about my question to your opponent about the injunction being overbroad in that it appears to affect all parties in the state court, including the non-diverse parties who are not parties before the federal court? I don't believe it's overbroad. It does enjoin further action by the plaintiff against the non-party plaintiffs in this case. It does do that. The plaintiff then, the state court plaintiff, is left with the decision, do I need to proceed in arbitration against these folks or do I want to wait until arbitration is over, until I have a final award entered and confirmed, and then proceed against the state court defendants who are not part of this action? Why does the federal court have power to stop the state court from proceeding vis-à-vis parties that are not in federal court? I'm not sure, again, that that's what this district court did. It did not enjoin the state court from doing anything. It enjoined Teresa Stacy from proceeding further in her state court action until the completion of the arbitration. But it enjoins Teresa Stacy from proceeding against anybody, including the non-diverse defendants in the state court who are not parties in the federal court? Until the conclusion of the arbitration and that the federal court has a chance to confirm or deny the award that was entered. It does do that. Normally, as a matter of comedy, you'd be concerned about a federal court telling, in effect, telling the state court it can't proceed even though the federal court didn't have power. At least that's my question. Even when the federal court didn't have power over the non-diverse defendants. Well, I think that your concern for comedy or your mention of comedy is an important point. But, again, I don't think in this case the district court order prevented or enjoined the state court, the Fayette Circuit Court, from doing anything. What the federal district court did was enjoin this state court plaintiff from proceeding further with their case. In effect, that is enjoining the state court. Because if the plaintiff, Stacy, can't do anything in state court, then the state court could hold a hearing and Stacy would appear and say, I am under penalty of contempt of court if I do anything in state court. And, therefore, state judge, I'm going to have to be totally silent here. I think that that's what it does. But, again, it does not enjoin the state court. It does not enjoin Kentucky state court from doing anything. And I think that the court could say, it's not up to the plaintiff. I have a case on my docket. I'm going to look at what's been submitted so far, and I'm going to decide the case. And then no one has violated the injunction. You're speaking of the Kentucky state court. That's right. The court can proceed without the participation of the plaintiff and just say, look, the plaintiff's not doing anything. I'm moving my docket. I'm going to look at this, and I'm going to proceed with this case. I think what would happen in Kentucky is that the case would potentially be dismissed for lack of prosecution until the parties notified the court, hey, this needs to stay on the docket until arbitration is completed. That is the procedural mechanism that occurs in Kentucky circuit courts. So, again, there is a delay here, a delay to proceed, and a choice by Ms. Stacy whether or not she wants to proceed in arbitration against the state court defendants who are not parties to the federal court action or if she wants to wait. But the district court has decided you will wait until this case is resolved, until I've entered my order, and then you may proceed. Could Stacy proceed against these individual defendants who I believe didn't sign this agreement? Yes, Your Honor. Could she proceed in arbitration to arbitrate against people who didn't? I believe that the arbitration agreement covers the employees and agents of the company here, and that's exactly what the state court defendants. If it doesn't, then the answer is no. Well, then we have a matter of contract. We have an issue that's really not in this case, but, yeah, then you're arguing about whether or not somebody is a non-arbitrable claim, essentially. And then you have your piecemeal litigation, and do you go that route? And that's what the FAA says. But I don't think that that's not what we have in this case. What's your take on the look-through issues? I think that the, and I pronounce it Vaden, but maybe it's Va-den, I don't know. I don't know that any of us knows. The cases are very clear, it seems to me, and Vaden is clear as it was discussing all of the different types of ways that the federal court can get jurisdiction, and it limited it very specifically to federal question jurisdiction. So how does the court get jurisdiction in a case like this? All you need is diversity between the parties in the Section 4 case? That's exactly right. And you have to have, of course, the jurisdictional requirements of Mounting controversy. Mounting controversy and diversity of citizenship. So you can have a situation where there's no question that the case would not have been removable and you could never get the underlying case into federal court? I've got cases like that all the time. I'm representing Kentucky corporations who do this type of work, and I'd love to get them into federal court, but I can't because they're Kentucky corporations. I can't get the relief that the FAA provides for an independent action to compel arbitration. I'm sorry, I didn't understand your answer. I think you asked, is that all that you need? Do you need diversity of citizenship in the Mounting controversy in order to petition a federal district court for an order compelling arbitration? And the answer is yes, that's all that you need. It doesn't matter that you couldn't get the underlying action into federal court? In other words, imagine. Not at all. Okay, and where does that, what part of the language of Section 4 are you relying on? Your Honor, there's no dispute that I'm aware of that the FAA, and I believe it's Section 4, I may have the wrong section number, authorizes very specifically any party who is aggrieved or who is not able to get an arbitration agreement and force may petition a federal district court to do just that, and that's exactly what we did. Right, so the jurisdictional language you read, in a civil action of the subject matter of a suit arising out of the controversy between the parties, you read that as only applying to this Section 4 suit, not the underlying suit. I'm not sure, and I apologize, Your Honor, but I'm not sure that I'm understanding what your question is. I don't know if we're still on Vaden or if we're talking about the ability to bring a collective... She's making the point that it's a little strange that you couldn't remove the state court action because it was non-diverse, right? Everyone agrees the state court action was non-diverse. She's making the point how strange you couldn't remove it and yet here we are with that exact action just minus the one non-diverse party. That seems odd. It may seem odd, but the cases all support this. This happens all the time. This is what the FAA authorizes. It says any party who fits the jurisdictional requirements can petition a federal district court to compel arbitration. I'm asking you, what are the jurisdictional requirements? Only diversity in this case? Yes. And amount in controversy. What case would you rely on to say it doesn't matter that the original case in state court had non-diverse parties and what happened here is that the... Your Honor, I think the Payne-Webber case, which we've gone through, I think that is the same issue. Payne-Webber is a necessary party case, isn't it? Yes, but it started out as, I believe, an independent action to compel arbitration and the necessary party arguments were made because, again, this non-diverse defendant in state court was left out of the federal action. I know. That's why we have the analysis in Payne-Webber about the necessary party. It's the same arguments that were made in this case, by the way. Well, to me, they're two different arguments. One is you can't maintain this action here because you're missing a necessary party. That's one argument. The other argument is that there's no jurisdiction because the underlying action would... the court would not have jurisdiction over the underlying action. To me, those are two different arguments. I think you're right, and I see what you're saying, but I think Vaden, as it's been interpreted by Northport Health Services in the Eighth Circuit case, and that Eighth Circuit case, by the way, collected all the other circuit decisions on it. There is not one case, not one case that reads Vaden the way that they want it to be read, except for, I think, a federal district court case in West Virginia. That's the only one. The only one I could find. Every single other one says, look, this is limited to federal question jurisdiction, not subject or not diversity of citizenship jurisdiction. Yeah, but I think the question is Section 4, that first, and I think that Judge White is relying on the first sentence in Section 4, a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 in a civil action. So the question is, do we look at the complaint that's filed in the federal court action, or do we go back and consider the fact that the state court action could not be removed to federal court because of a lack of diversity? I think I see what you're saying, although I think I'm responding to it essentially the same way. You've got to look at both. You've got to look at both. Does the federal court complaint satisfy the diversity of citizenship jurisdiction? Just looking at the federal court complaint, then. And does it satisfy the amount of controversy? In order to look at that, at least in this case, it may be different in other cases, but in this case I have to go back to look at the state court complaint. And I think that the federal district court did that in this situation, too. But if you go back and look at the state court complaint, there isn't diversity of citizenship. No, there isn't. But there is diversity pled as respect to the plaintiffs in the federal court case below. There is a mountain controversy pled in the state court complaint. Again, to make it clear from the state court plaintiff's perspective from the outset, this case would otherwise satisfy all removal. Another way to make the point I think Judge Moore and Judge White are making is the statute does allow any party. You rely on that. That seems to be helpful, a party, so that doesn't mean all the parties. But at the end, it's talking about a lawsuit arising out of the controversy between the parties. And that controversy does seem to be what is going on in the state court. And that's language that's used in Vaden for looking through for federal question. And it's not like that text disappears in a diversity case. That text is still there. So I think that's supportive of the line of questioning you're getting. I'm not sure that any court that I've seen has interpreted this section of the FAA to essentially mean any time that you file an independent collateral action to compel arbitration, you essentially have to go look through to determine whether or not there's federal jurisdiction. No court except the U.S. Supreme Court in Vaden. With respect to federal question. They did not eviscerate. This is why I asked the question I did to both of you at the very beginning. The FAA neither enlarges nor diminishes jurisdiction. That means if the federal court already has jurisdiction over the dispute, you don't do look through at all. You don't even look at the FAA for jurisdiction because it's not a diminishing statute. And as I understand this complaint, I'm going to have to go back and look at it. As crafted, this complaint is unlike a lot of other FAA complaints. This complaint seems to satisfy it. To me, that's the end of it. You don't look at the FAA because if you use the FAA here, it would be a federal jurisdiction diminishing statute, and that's bizarre. Which is why, again, I think... This is a helpful question for what it's worth. Diversity of citizenship, I think, is satisfied here, and I think that's all that is required in order for this action to have been filed in federal court. And I don't read that section of the FAA that you're talking about to mean, well, do we have diversity, but then do we have to go back then and decide, is there also an independent basis under federal question jurisdiction? I don't think there's an extra step there. Okay, so how do you determine whether the court, the United States District Court, would have jurisdiction in a civil action of the subject matter of a suit arising out of the controversy between the parties? The exact way that the federal district court did in this case. Judge Caldwell looked at the citizenship of the parties. She looked at the amount pled in the state court complaint. She determined that there was sufficient jurisdiction by the traditional diversity of jurisdiction analysis. Diversity of citizenship jurisdiction analysis. So it's basically the amount in controversy. As well as the citizenship of the parties. You've got to have that in order. But that's the type of question you ask in any case. You ask, okay, do we have diversity? But then the question is, well, I guess that's Judge Sutton's point. That as long as you have diversity, but then it almost isn't in action under Section 4. Because Section 4 tells you what type of cases can come under Section 4. And it specifically refers to the jurisdiction that the district court would otherwise have. But the district court has the jurisdiction in this case over a claim. The claim in the federal court was filed by Brookdale, which is diverse from the defendant in the federal court, Stacy. And you could read the language in Section 4 to say, the subject matter of a suit arising out of the controversy between the parties. Well, that's what we have here. Because we have the controversy between Brookdale and Stacy as to whether or not the arbitration provision applies. Or whether Stacy can sue independently. The arbitration provisions don't apply. And this ties in with my earlier question, isn't the injunction too broad? Because the arbitration provisions, I believe, are between Brookdale signing the arbitration agreement and Stacy or her power of attorney person, who's also named Stacy, I think, signing the agreement. So the individual Brookdale employees are not arguably part of that unless they're bound by the agreement by their employer. But we've kept you many moments beyond your red light. So if you have one closing statement of one sentence, please do. I'm happy to answer any more, though. I didn't mind it at all. Thank you very much. Thank you all very much. Your Honor, it's appellant's position that this court has pendant jurisdiction for the simple reason that the decision to compel arbitration is factually intertwined with the decision to order the injunction. Why do I say that? How do we know this? Because the district court said so. The district court said that it was necessary to effectuate the arbitration agreement. It was also necessary to order the injunction. Now, I don't see that there's any necessity to look any further than this. Do you agree that the doctrine of pendant appellate jurisdiction is pretty narrow because of the pretty serious risks of, you know, construing it broadly? Sure, Your Honor. I do understand that. Particularly with the, you know, ability to appeal immediately an injunction, before you know it, that pulls everything together that's part of this nucleus of facts. And that's strange that, you know, they carve out this one or two areas for interlocutory appeals, but they're going to become the norm. I understand that, Your Honor. But there are instances where these district courts facing these arbitration agreement situations don't order injunctions at all. I'm actually just referring not even to just arbitration, just in general. If we construe pendant appellate jurisdiction the way you would have us construe it, it would pick up a lot of cases. If the district court goes out and says that it's necessary to effectuate whatever its underlying decision is, then, yes, Your Honor, our position is that you do have pendant jurisdiction. And the Anti-Injunction Act sort of forces them to only grant injunctions in those instances. I thought the necessity point worked a little differently, that you bring up other issues that you have to resolve in order to decide whether the injunction was properly issued. That makes sense to me. That's easy to figure out, and that's narrow. But it doesn't seem to apply here. Well, our position is that it must have applied because the district court said that it linked these two decisions together. That in order for the arbitration agreement to go forward, that an injunction was required. So they linked them factually, and that's all that I see that is required. What does that do to the Arbitration Act? I mean, it very clearly tells you what you can appeal and what you can't. And one of the things that you can't appeal is an order directing arbitration to proceed under Section 4. Your Honor, our understanding of the Arbitration Act is that the Supreme Court has essentially stated that any final decision, whether it's for arbitration or against arbitration, is appealable, perhaps notwithstanding the actual language in the Federal Arbitration Act. But that's our understanding. And that's why our original argument in the response to the motion to dismiss in this case was that the district court had, in essence, made a final order regarding the arbitration agreement here because there's nothing else to do. Help me out. What case are you relying on to say that an order directing arbitration to proceed under Section 4 is appealable? Your Honor, that would be the Great Earth v. Simons case, and before that, the Greentree, I believe, v. Randolph. The former case is a Sixth Circuit case, and the Greentree case is a U.S. Supreme Court case. And saying that if you have a final decision, compelling arbitration where there's nothing left for the district court to do but to enforce the eventual award, that that's a final decision, and therefore it's appealable. And your red light has been on for a long time, so thank you very much. Thank you both for your argument. The case will be submitted. Would the clerk call the next case, please? Calling case 14-3654, the United States of America v. Jonathan Webster. Oral argument not to exceed 15 minutes per side. Thomas Caudrey for the appellant.